# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 26, 2008

No. 07-40975
Summary Calendar

Charles R. Fulbruge III
Clerk

BEVERLY DARK,

               Plaintiff–Appellant,

v.

JOHN E. POTTER, Postmaster General,

               Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-293

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Beverly Dark sued the United States Postal Service (USPS) and alleged discrimination based on "physical disabilities." The USPS moved to dismiss Dark's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion. Dark now appeals, and we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-40975

# I

In 2004, the USPS terminated Dark from her position as a clerk after she made a telephone call to Congressman Jim Turner's office and threatened to "kill everyone in the Post Office," "shoot them all," and "get a gun and shoot postal employees." She does not dispute that she made these threats. In 2005, Dark, proceeding pro se, sued John E. Potter, Postmaster General of the USPS, purportedly pursuant to Title VII of the Civil Rights Act of 1964 although she alleged discrimination because of her physical disabilities. The district court and the USPS have assumed correctly that Dark's complaint asserts violations of the Rehabilitation Act of 1973.[1]

Before filing her complaint, Dark initiated a series of administrative proceedings, including two ultimately consolidated EEOC proceedings, in which she alleged discrimination based upon her race and physical disability. The EEOC determined no discrimination occurred, but nonetheless concluded that the USPS should pay $20,000 for failure to accommodate. The USPS implemented the order but disagreed with its findings. Dark appealed the EEOC order and contended the damages were insufficient; that appeal was dismissed when she filed this civil action. Next, Dark filed a grievance against the USPS under its Collective Bargaining Agreement (CBA), alleging her termination was due to discrimination, not her threatening remarks. The arbitrator upheld her termination and found the threats provided just cause for the USPS to remove her. Finally, she appealed her removal to the Merit Systems Protection Board (MSPB). She filed her initial appeal while the CBA grievance was pending resulting in the dismissal of the MSPB appeal. She refiled after the CBA arbitration decision was issued, but that appeal too was

---

[1] 29 U.S.C. § 791 *et seq.*

2

dismissed based on collateral estoppel since the arbitration award was final and binding. She then initiated this action in federal court.

Her complaint alleged that the USPS had discriminated against her because of her physical disabilities, specifically in failing to employ her, terminating her, and failing to accommodate her medical restrictions. Her complaint alleged no other facts. Dark attached to the complaint the MSPB's decision and a 2004 Notice of Final Action by the USPS rejecting her claim of disability but implementing the EEOC's recommendation that Dark receive $20,000.

The USPS moved to dismiss Dark's complaint or, alternatively, for summary judgment. Responding to USPS's motion, Dark abandoned her termination claim and admitted making the threats; instead she asserted that "[f]rom 2002 to August 2004, plaintiff was not offered a suitable job within physicians [sic] medical restrictions." The district court granted the USPS motion and dismissed the complaint for failing to allege facts that, if proven, would show Dark was an individual with a disability. Dark now appeals the dismissal.

## II

We review de novo a district court's grant of a motion to dismiss under Federal Rule Civil Procedure 12(b)(6),[2] and we accept as true the complaint's well-pleaded factual allegations.[3] These factual allegations need not be detailed, but they must, when assumed to be true, "raise a right to relief above the

---

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[3] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

3

speculative level."[4] A deficient claim "should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."[5]

We, of course, hold pro se complaints to lower standards than the formal pleadings lawyers draft.[6] In fact, a district court generally errs if it dismisses a pro se complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend.[7] Such potential error is greatly ameliorated if the plaintiff has clearly alleged its best case.[8]

While a precise definition of a plaintiff's "best case" is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is "apprised of the insufficiency" of the complaint.[9] This explains our rule that Rule 12(b)(6) dismissals of pro se complaints without opportunity to amend generally constitute error.[10] The opportunity to amend, however, is not a strict predicate to dismissing pro se complaints. In *Jacquez v. Procunier*, two prisoners murdered their fellow inmate, Rafael Jacquez, prompting the administrator for Jacquez's estate to sue various prison guards.[11] The pro se complaint included

---

[4] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

[5] *Id.* (quoting *Twombly*, 127 S.Ct. at 1966).

[6] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)).

[8] *Id.*

[9] *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations against [defendant] and have been afforded an opportunity to plead facts that would overcome the bar of *Imbler* immunity. We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case . . . .").

[10] *Bazrowx*, 136 F.3d at 1054; *see also Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (holding that the district court erred when it dismissed as moot plaintiff's action without providing plaintiff an opportunity to amend his pleadings).

[11] *Jacquez v. Procunier*, 801 F.2d 789, 790 (5th Cir. 1986).

ambiguous allegations with few facts.[12] The prison guards moved for dismissal per Rule 12(b)(6), arguing that the facts did not support a cause of action against public officials claiming qualified immunity; the motion was denied and, thereafter, appealed.[13] Citing the lenient, but now discredited[14] *Conley* standard,[15] we held that the pleadings failed to allege a claim.[16] While plaintiff had not filed a supplemental complaint, his extensive response to the motion had provided him ample opportunity to state his best case—opportunity he did not use since the response repeated verbatim sections of the complaint.[17] Moreover, we specifically rejected plaintiff's argument that dismissal at this stage was improper because he was not given fair notice or opportunity to amend.[18] We noted that his response to the motion to dismiss declared the adequacy of his complaint and, alternatively, that the response remedied any inadequacies.[19] We concluded he had pleaded his best case.

---

[12] *Id.* (alleging "a pattern of conduct by prison guards [and inmates] at the Texas Department of Corrections" and that prison officials "knew of this misconduct, malfeasance, acts and/or omissions . . . and did nothing to stop it or in fact, condoned said misconduct, malfeasance, acts and/or omissions" and that the defendants acted "willfully, knowingly, purposely and maliciously").

[13] *Id.* at 791.

[14] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) ("We could go on, but there is no need to pile up further citations to show that *Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .").

[15] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding that a case will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[16] *Jacquez*, 801 F.2d at 792.

[17] *Id.*

[18] *Id.* at 793.

[19] *Id.*

No. 07-40975

In the instant case, the record does not indicate that Dark amended her complaint, but, like the plaintiff in *Jacquez,* she filed a lengthy response to the USPS's motion to dismiss. She also filed a "motion for speedy judgment." Like *Jacquez* and *Morrison*, we believe Dark was fully apprised of her complaint's potential insufficiency and given opportunity to correct any insufficiencies. Nonetheless, in her responses she stated "[a]ll has been done correctly" before imploring the district court to rule speedily. Thus, like *Jacquez*, we assume that Dark has alleged her best case. We now answer whether that best case sufficiently states a claim.

Our inquiry is narrower than usual. Usually, we examine "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under this complaint indulgently read."[20] Often we find a cause of action hidden among the facts different than the theory the plaintiff asserts.[21] In this case, we must only examine whether the facts state a claim under the Rehabilitation Act, which constitutes the exclusive remedy for a federal employee alleging disability-based discrimination.[22]

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance . . . or activity conducted by the United States Postal Service."[23] Relief under the Rehabilitation Act requires Dark to

---

[20] *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

[21] *See, e.g., Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (finding a potential *Bivens* action when prisoner had filed a motion under Fed. R. Crim. P. 41(e)).

[22] *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) ("The Rehabilitation Act, not the Americans with Disabilities Act (ADA), constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." (citations omitted)).

[23] 29 U.S.C. § 794(d).

6

No. 07-40975

prove (1) she is an "individual with a disability"; (2) who is "otherwise qualified"; (3) who worked for a "program or activity receiving Federal financial assistance"; and (4) that she was discriminated against "solely by reason of her disability."[24] The Rehabilitation Act defines an individual with a disability as a person who has a physical or mental impairment that "substantially limits one or more of such person's major life activities."[25]

While Dark need not plead a prima facie case,[26] she must provide grounds demonstrating an entitlement to relief that are more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."[27] She must plead "enough facts to state a claim to relief that is plausible on its face."[28] As the Supreme Court recently noted:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.[29]

Dark's complaint consists of a pre-printed form for suits under Title VII to which she has added to the listed categories of discrimination the category "physical disability." She does not state the nature of her disability or its imposed limitations on her life, though the MSPB decision she attached notes that Dark claimed she suffered from carpel-tunnel syndrome and a herniated disk but concludes there is insufficient proof demonstrating that Dark suffers

---

[24] *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997).

[25] *Id.* (quoting 29 U.S.C. § 706(8)(B)).

[26] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 509-10 (2002).

[27] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

[28] *Id.* at 1974.

[29] *Id.* at 1965 n.3.

No. 07-40975

from a disability as defined by the Rehabilitation Act. She asserts the USPS discriminated because of her physical disability and that "[t]he defendant and defendants refused to honor [her] medical restrictions as a service-connected disabled veteran and injuries from an occupational on-the-job injury." But she pleads no facts giving "fair notice of the nature of the claim"[30] and simply concludes the USPS refused to accommodate her. She pleads no facts regarding how she is otherwise qualified or implying that she was discriminated against due solely to her alleged disability. While complaints are liberally construed, we need not accept as true these largely conclusory allegations.[31]

\*  \*  \*

For the foregoing reasons, we AFFIRM the district court's dismissal of Dark's complaint for failure to state a claim.

---

[30] *Id.*

[31] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

8